## Commonwealth, ex rel. Lieberum, *v.* Lewis.

*Practice, Supreme Court—Habeas corpus—Remanding of relator —Order—Amendment.*

Where in habeas corpus proceedings brought in the Supreme Court to obtain the release of defendant in a suit in equity who had been imprisoned by the lower court for refusing to obey a decree, the relator was released upon his giving bail to await the further order of the court, and subsequently the Supreme Court remanded the relator to the county jail until the decree of the lower court should be complied with, and thereafter it appeared that the sheriff of the county objected to arresting the defendant who refused to surrender himself upon the ground that the decree and order were not directed to the sheriff, the Supreme Court amended its order by directing that the sheriff apprehend the defendant and deliver him into the custody of the warden of the county jail to be there held and confined until the decree of the lower court should be complied with, or until the court should see fit to carry out its decree by other appropriate proceedings.

Habeas Corpus, original jurisdiction, Miscellaneous Docket, 1915, No. 192.

The facts appear in the opinion of the Supreme Court and in Commonwealth, ex rel. Lieberum, v. Lewis, 253 Pa. 175.

OPINION BY MR. JUSTICE FRAZER, May 15, 1916:

The relator in the above case was committed to the jail of Allegheny County, for contempt of court for refusing to obey a decree of the Court of Common Pleas of that county at No. 35, January Term, 1912, wherein Mary Schmidt, et al., are plaintiffs, and relator, Christian Lieberum, et al., are defendants, ordering the removal of a building erected by him on a right of way. On application to this court, under writ of habeas corpus, relator was released from confinement on October 29, 1915, upon his giving bail to await further order of the court. On March 27, 1916, the following order was made: "The relator is remanded to the county jail until the decree of court is complied with, or until the court below shall see fit to carry out its order in some other manner." Counsel for plaintiff in the proceedings in which the relator was found guilty of contempt, has presented a petition setting forth relator's refusal to surrender himself to his bail, and that he remains at large in defiance of the above decree. The petition further avers that the sheriff objects to proceeding to arrest and take relator into custody, upon the ground that the decree and order were not directed to him. While the proper remedy of the bail would seem to be an application for a bail piece, under which relator could be taken into custody, in view of the particular facts, and the evident intention of the relator to resist an arrest so far as possible, the decree heretofore entered is amended to read as follows:

And now, to wit, May 15, 1916, it is ordered and directed that the sheriff of Allegheny County apprehend and arrest the said Christian Lieberum, and deliver him into the custody of the warden of the county jail, to be

there held and confined until the decree of the lower court, in the proceedings at No. 35, January Term, 1912, in the Court of Common Pleas of Allegheny County, wherein Mary Schmidt, et al., are plaintiffs, and the said Christian Lieberum, et al., are defendants, is complied with or the court shall see fit to carry out its decree by other appropriate proceedings as indicated in the opinion heretofore filed in this case.